UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MALIA ELENA ARCIERO,

Plaintiff,

v. Case No. 4:20cv64-MW-HTC

UNITED STATES OF AMERICA, et al.,

Defendants.
_______________________/

REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner proceeding *pro se* and *in forma pauperis*, has filed a second amended complaint in this action, seeking to assert claims under *Bivens* and the Federal Tort Claims Act ("FTCA") based on an alleged sexual assault. ECF Docs. 11, 7. The second amended complaint is now before the Court for preliminary screening under 28 U.S.C. §§ 1915(e) and 1915A. For the reasons that follow, the undersigned respectfully recommends that this action be DISMISSED without prejudice as malicious for abuse of the judicial process. Specifically, Plaintiff failed to disclose at least two (2) federal actions she previously filed either challenging her conviction or otherwise relating to the conditions of her confinement.

## I. STANDARD OF REVIEW

Because Plaintiff is (1) an inmate seeking relief against governmental employees and (2) proceeding *in forma pauperis*, the Court is required to review her complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e) (applying the same standard to *in forma pauperis* proceedings).

"A plaintiff's affirmative misrepresentation regarding [her] prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

## II. DISCUSSION

### A. Plaintiff Failed To Disclose Her Prior Litigation History

Plaintiff's second amended complaint was filed on this Court's official form for *Bivens* and FTCA actions by prisoners.[1] ECF Doc. 11. At the end of the complaint, Plaintiff signed her name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." *Id.* at 12-13. Despite that declaration, Plaintiff made a false representation in the complaint.

Section VIII of the complaint, titled PRIOR LITIGATION, specifically asks: "C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" *Id.* at 11. The complaint form requires Plaintiff to identify and describe any and all prior actions responsive to the question. Plaintiff checked "NO" in response to the question and did not identify any prior actions. *Id.* Thus, Plaintiff swore that, when she signed her second amended complaint on March 17, 2020, she had not filed any

---

[1] Plaintiff's initial complaint was not on this Court's complaint form, identified both Plaintiff and her fiancé as the named plaintiffs, and was signed only by the fiancé. ECF Doc. 1. Thus, the undersigned directed the clerk to send Plaintiff this Court's required form and directed Plaintiff to file an amended complaint on her own behalf. ECF Doc. 6. Subsequently, Plaintiff filed a "memorandum" in support of an amended complaint, which the undersigned construed as an amended complaint. ECF Doc. 7. That memorandum, however, was also not on the Court's required form, was not signed by Plaintiff under penalty of perjury, and did not disclose Plaintiff's litigation history. *Id.* Thus, the Court gave Plaintiff another opportunity to file a second amended complaint curing those deficiencies. ECF Doc. 8.

prior actions in federal court challenging her conviction or relating to the conditions of her confinement. Plaintiff's representation to the Court, however, was not truthful or accurate. To the contrary, at the time Plaintiff signed her second amended complaint, Plaintiff had filed at least two (2) prior federal actions, one (1) challenging her conviction and one (1) relating to the conditions of her confinement.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation in this case, the undersigned discovered that, at the time Plaintiff signed her second amended complaint on March 17, 2020, she had filed under her name and Federal Registration Number, 16101-022, the following cases, which she failed to disclose to the Court:

> *Mapuatuli, et al. v. Sessions, et al.*, Case No. 1:14cv506-LEK-BMK (D. Haw. 2014) – A civil rights action, filed jointly by four (4) plaintiffs, including Plaintiff Arciero, alleging prisoners' Sixth Amendment rights were violated when the Justice Department read their emails, which included attorney-client communications.
>
> *Arciero v. United States of America*, Case No. 1:18cv90-SOM (D. Haw. 2018) – A 28 U.S.C. § 2255 postconviction action challenging Plaintiff's conviction and seeking to vacate her sentence. Plaintiff's action was predicated, in part, on an ineffective assistance of counsel claim for her counsel's failure to properly advise her of the sentencing consequences of lying on the stand.

Plaintiff did not disclose these federal actions despite the complaint form's clear instructions.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse her from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff made a false representation in her complaint, as detailed above. Plaintiff knew from reading the complaint that disclosure of all prior relevant cases was required. The complaint expressly warns prisoners: "**Failure to disclose all prior cases may result in the dismissal of this case.**"[2] ECF Doc. 11 at 12 (emphasis in original). Additionally, although Plaintiff may contend that she did not understand the form, when the undersigned directed Plaintiff to file a second amended complaint on the Court's complaint form, the undersigned specifically instructed Plaintiff that her first amended complaint was deficient because it was "**not signed under penalty of perjury and does not include Plaintiff's prior litigation history**." *See* ECF Doc. 8 at 2 (emphasis in original).

---

[2] The Court notes that this does not appear to be the first time Plaintiff has been reproached for her failure to be candid with a court. Indeed, the court presiding over Plaintiff's undisclosed § 2255 action admonished Plaintiff for "essentially faulting her attorney for having believed her lies," which is "not a sound basis for an ineffective assistance claim." *See* 1:18cv90-SOM at ECF Doc. 3. (One of the grounds of Plaintiff's petition was that her counsel was ineffective for not emphasizing to her the consequences of making dishonest allegations on the stand).

If Plaintiff suffered no penalty for her untruthful responses, there would be little or no disincentive for her attempt to evade or undermine the purpose of the complaint form. The Court should not allow Plaintiff's false response to go unpunished. As one district judge from this District recently stated in an order of dismissal for failure to disclose, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC at ECF Doc. 52.

Thus, an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See, e.g, Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case); *see also Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (holding prisoner's failure to disclose previous federal lawsuit constituted abuse of the judicial process warranting dismissal, and prisoner's misrepresentation was not excused by his explanation that he misunderstood the complaint form). Moreover, because this is a recommendation of dismissal without prejudice, Plaintiff will not be prejudiced from bringing her claims in a new action.

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process.

2. The clerk be directed to close the file.

Done in Pensacola, Florida, this 17th day of June, 2020.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.